(83 Misc. Rep. 78.)

### WAXBERG v. STAPPLER et al.

(Supreme Court, Appellate Term, First Department.  December 11, 1913.)

1. BILLS AND NOTES (§ 507*)—ACTION—ADMISSIBILITY OF EVIDENCE—AGREE-
   MENT NOT TO TRANSFER.
      In an action by the assignee of a note, the exclusion of evidence for
   the maker that the note was not to be negotiated by the payee was error.
      [Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 507.*]

2. BILLS AND NOTES (§ 524*)—ACTION—PRESUMPTION OF TITLE.
      Possession of a note is presumptive evidence of title, rebuttable by
   proof that the note was negotiated in breach of faith or under such cir-
   cumstances as amounted to fraud.
      [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1826–1831;
   Dec. Dig. § 524.*]

3. BILLS AND NOTES (§ 508*)—ACTION—ADMISSIBILITY OF EVIDENCE—OWNER-
   SHIP.
      In an action by the assignee of a note, evidence that plaintiff's as-
   signor was the real owner, with full notice of the original transfer thereof
   in breach of an agreement not to transfer, was admissible.
      [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1728–
   1732; Dec. Dig. § 508.*]

Appeal from City Court of New York, Trial Term.

Action by Louis Waxberg against Solomon J. Stappler and anoth-
er.  Judgment for plaintiff, and defendant Stappler appeals.  Re-
versed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and
WHITAKER, JJ.

Abraham Oberstein, of New York City (Charles Trosk, of counsel),
for appellant.

Jacob I. Wiener, of New York City, for respondent.

WHITAKER, J.  The complaint herein sets forth and alleges that
on August 16, 1912, in New York City, the defendant Stappler made
and delivered to defendant George Sachs & Co., a corporation, his
promissory note for $890.83, payable on February 10, 1913, at the
East River National Bank; that George Sachs & Co., before matur-
ity, indorsed and delivered same to George Sachs; that thereafter, in
due course of business, George Sachs indorsed and delivered same
to the Metropolitan Bank for value before maturity; that the Metro-
politan Bank duly presented the same for payment, which was refused,
and that the same was duly protested; that prior to the commencement
of the action the bank assigned the note to one Jacob Reich for value,
and that Jacob Reich thereafter assigned the said note to plaintiff.

Defendant Stappler admits the making of the note, denies all oth-
er material allegations, and sets up as defenses that plaintiff was not
at the commencement of the action the lawful owner of the note and
is not the real party in interest; that before the commencement of the
action, and on the 8th day of August, 1912, George Sachs & Co. de-
livered to defendant Stappler upon memorandum goods of the value
of $863.90; that defendant Stappler gave the note in question to Sachs

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

& Co. upon the express agreement that George Sachs & Co. were not to negotiate the note, but that before it became due Sachs & Co. were to call at defendant Stappler's place of business, who was then to pay for so much of said merchandise as the defendant Stappler had used or desired to retain, and return the balance thereof; that before the date of maturity of the note defendant Stappler returned to Sachs & Co. a part of said merchandise, amounting to $541.43; that George Sachs did not call upon defendant Stappler as agreed, but negotiated the note before maturity, although before maturity said defendant only owed George Sachs & Co. the sum of $349.40, the value of the goods retained by said defendant and not returned, which said defendant was and now is ready to pay; that the subsequent indorsees and assignees of the note knew of this arrangement; that neither of the subsequent holders is a bona fide holder for value in due course; that after the note became due and after its protest the same was paid to the Metropolitan Bank in full by and assigned to Jacob Reich for and on account of George Sachs & Co., the original payee; that thereafter the note was colorably assigned to plaintiff without value and for the purpose of acting simply as the agent of Reich and George Sachs & Co. in collecting the sum from defendant appellant.

There was stamped upon the face of the note, "Payment stopped." Upon the trial a jury was impaneled and sworn. Plaintiff's counsel offered the note in evidence, and the notice of protest, the amount of interest due, and rested. The defendant Stappler was called as a witness in his own behalf, and testified that at the time he gave the note he told the payee it must return the note before it became due, and if he (defendant Stappler) kept the 500 marmots (being the goods delivered to him on memorandum) then Stappler would pay the payee the difference between the face of the note and the merchandise retained, to which the payee replied he would return the note before it became due.

[1] This is about all the evidence the court would allow the defendant appellant Stappler to give upon this question. Prior to that the defendant appellant had made a formal offer to prove by the defendant Stappler the agreement alleged in the answer, viz., that the note was not to be negotiated by the payee. The court refused to allow the testimony, and the appellant duly excepted. This was, I think, reversible error. However, the evidence the appellant was finally permitted to give upon the subject was uncontradicted, so that I think the defendant appellant is entitled to take the position that the contract alleged in the answer was either proved or that he was refused permission to prove it. If proved, it was incumbent upon the plaintiff to have shown affirmatively that he was a bona fide holder for value. Plaintiff only proved possession.

[2] While possession is presumptive evidence of title, this presumption is rebutted where the appellant proves the note to have been negotiated in breach of faith or under such circumstances as amount to fraud. Canajoharie Nat. Bank v. Diefendorf, 123 N. Y. 191, 206, 25 N. E. 402, 10 L. R. A. 676; American Ex. Nat. Bank v. N. Y. Belting Co., 148 N. Y. 698, 43 N. E. 168; German American

Ex. Bank v. Cunningham, 97 App. Div. 244, 89 N. Y. Supp. 836; Negotiable Instruments Law (Consol. Laws 1909, c. 38) §§ 94–98.

If the appellant proved the contract alleged in his answer, which I think he did, the plaintiff's evidence of simple possession was insufficient to sustain his action. If the appellant was not permitted to prove the contract, that was reversible error, so that in either event the judgment should be reversed.

The appellant was not permitted to show by the plaintiff, whom he called as a witness, what plaintiff paid for the note, or that plaintiff took said note with notice of its diversion, or that plaintff was not the bona fide owner of the note, or that plaintiff paid nothing for the note.

[3] Appellant was not permitted to give evidence that Jacob Reich, the plaintiff's assignor, was the real owner of the note; that Jacob Reich had full notice of the original diversion of the note and that he was the financial backer of George Sachs & Co.; and that he knew all the circumstances under which the note was given, and that he was practically the original owner of the note, although it was made payable to Sachs & Co. This was reversible error.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.